FILED
United States Court of Appeals
Tenth Circuit

**February 9, 2011**

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

FELTON KENNETH HARTLEY,

Defendant-Appellant.

No. 10-8050
(D.C. No. 1:09-CR-00226-WFD-1)
(D. Wyo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **O'BRIEN**, **ANDERSON**, and **TACHA**, Circuit Judges.

---

Felton Kenneth Hartley appeals his 48-month sentence for being a felon in

possession of a firearm. *See* 18 U.S.C. § 922(g)(1). Mr. Hartley was indicted

following a visit to Yellowstone National Park, where he and several companions

became the subject of a noise complaint. Park rangers responded to the complaint

and, after obtaining permission, searched a tent and Mr. Hartley's truck. Inside

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel. It may be cited, however, for its persuasive value consistent
with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

the truck, rangers discovered marijuana, and inside the tent, they recovered a 20-gauge shotgun wrapped in plastic and duct tape.

Mr. Hartley pleaded guilty. His presentence report (PSR) detailed numerous prior offenses spanning two decades, including battery, destruction of property, possession of cocaine, conspiracy, contempt of court, disorderly conduct, reckless driving, and driving under the influence, among other convictions. Based on a total offense level of 12 and a criminal history category of VI, the PSR calculated Mr. Hartley's applicable sentence range to be 30 to 37 months in prison. The district court rejected this range as inappropriate, however, and imposed an 11-month upward variance to sentence Mr. Hartley to 48 months in prison. It is this variance that Mr. Hartley challenges as substantively unreasonable.

We review the district court's imposition of an upward variance for substantive reasonableness under the abuse-of-discretion standard. *United States v. Bullcoming*, 579 F.3d 1200, 1206 (10th Cir. 2009). Substantive reasonableness focuses on the length of the sentence and whether it is "reasonable given all the circumstances of the case in light of the factors set forth in 18 U.S.C. § 3553(a)." *United States v. Friedman*, 554 F.3d 1301, 1307 (10th Cir. 2009) (quotation omitted). The district court enjoys broad discretion under this standard, "which it abuses only if it renders a judgment that is arbitrary, capricious, whimsical, or manifestly unreasonable." *Bullcoming*, 579 F.3d at 1207 (quotation omitted).

The district court justified the upward variance in part by explaining that

Mr. Hartley was arrested while serving three separate terms of probation:

> I make my judgments about this defendant based on his history, his
> criminal history; and what's most telling is: On the date of this
> particular offense, he was under three probationary sentences. He
> was honoring none of them. A better example of lawlessness has not
> recently been seen by this Court.

R. Vol. 3 at 47-48. In rendering this explanation, the court demonstrated it

properly considered Mr. Hartley's complete disregard for his probationary terms.

*See* 18 U.S.C. § 3553(a)(1). But the court also indicated its intent to promote

respect for the law and deter future criminal conduct given Mr. Hartley's

demonstrated inclination toward lawlessness:

> To sentence [Mr. Hartley] within the guideline range doesn't send
> the appropriate message. A sentence outside the guideline range will
> hopefully make this defendant attentive to the order of this Court
> better than he has been to three other judges who've had the
> misfortune of dealing with him and to alert him to the fact that I will
> be intolerant of any deviant behavior in violation of the terms of
> supervised release while he is under the supervision of this Court.
>
> A sentence of 48 months achieves the purposes of sentencing, and
> hopefully it will deter this defendant from future similar criminal
> conduct, most especially the possession of a firearm.

R. Vol. 3 at 48. Nothing in these comments suggests the court abused its

discretion in imposing the upward variance.

Nevertheless, Mr. Hartley claims the variance was unreasonable because

the court double-counted his probation terms. He contends the probationary

sentences already were captured in the PSR's criminal history category and

reflected in the calculated guideline range. We have held, however, that "so long as [the court] articulates specifically the reasons that this particular defendant's situation is different from the ordinary situation covered by the guidelines," there is no abuse of discretion in considering facts "already accounted for in the advisory Guidelines range." *United States v. Alapizco-Valenzuela*, 546 F.3d 1208, 1222-23 (10th Cir. 2008) (quotation omitted). As indicated, the court underscored the significance of Mr. Hartley's arrest while serving three different probationary terms. And recognizing that these multiple probation terms distinguished Mr. Hartley, who incurred the same number of criminal history points as if he had only one probation violation, *see* USSG § 4A1.1(d), the court remarked:

> [T]he problem I have with [Mr. Hartley] is: Here's a guy who's on three probationary sentences at the time he commits this offense. I mean, what – am I supposed to treat him as the run-of-the-mill fellow in the same history category? Three probationary sentences. Also one of them is contempt of court. That's kind of interesting. But – that always gets a judge's attention. So I'm supposed to stay in the guidelines under those circumstances?

R. Vol. 3 at 41. These comments, coupled with the court's previously discussed explanation, adequately sustained the variance. *See Alapizco-Valenzuela*, 546 F.3d at 1223 ("[The] explanation need not be overly detailed." (quotation omitted)).

Finally, Mr. Hartley contends the sentence overstated the seriousness of his offense. We disagree. Mr. Hartley pleaded guilty to being a felon in possession

of a firearm. The district court was charged with formulating a sentence that accounted for the seriousness of that offense, as well as other § 3553(a) factors. "[I]n many cases there will be a range of possible outcomes the facts and law at issue can fairly support; rather than pick and choose among them ourselves, we will defer to the district court's judgment so long as it falls within the realm of these rationally available choices." *United States v. McComb*, 519 F.3d 1049, 1053 (10th Cir. 2007). Looking at the sentence imposed, and mindful of the § 3553(a) factors, we see nothing that suggests the court deviated from the realm of rationally available choices. Mr. Hartley asserts the manner in which he possessed the firearm should have been considered a mitigating factor because there are more egregious cases than his. But even if we were to view his manner of possession as relatively innocuous—which we do not—this was but one of several considerations in the district court's calculus. *See Gall v. United States*, 552 U.S. 38, 49-50 & n.6 (2007). Given all the circumstances of Mr. Hartley's case, the district court's decision to vary upward and impose a 48-month sentence was substantively reasonable.

Accordingly, the judgment of the district court is AFFIRMED.

Entered for the Court

Stephen H. Anderson
Circuit Judge

-5-